Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| AWILDA GONZÁLEZ CRUZ<br><br>*Apelante*<br><br><br>v.<br><br><br>PEDRO JOSÉ DE PEDRO MARTÍNEZ<br><br>*Apelado* | KLAN202301092 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: GB2019CV01507 (505)<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 15 de febrero de 2024.

Comparece ante nos la señora Awilda González Cruz (señora González Cruz o apelante) mediante recurso de *apelación* y solicita la revisión de la *Sentencia Parcial* emitida y notificada el 25 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el TPI declaró Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por el señor Pedro José De Pedro Martínez (señor De Pedro Martínez o apelado). En consecuencia, el foro primario determinó que treinta (30) acciones de Refrigerama, Inc. (Refrigerama) y treinta y seis (36) acciones de Empresas R&D de Puerto Rico, Inc. (Empresas R&D), fueron adquiridas por el señor De Pedro Martínez, mediante donación de su padre y, por lo tanto, son privativas.

Por los fundamentos que exponemos a continuación, **confirmamos** el recurso presentado.

**I.**

Según surge del expediente ante nos, la señora González Cruz y el señor De Pedro Martínez contrajeron matrimonio el 13 de noviembre de 1971. Posteriormente, el 4 de marzo de 2019, el señor De Pedro Martínez presentó demanda de divorcio por la causal de ruptura irreparable ante el TPI. Consecuentemente, el 15 de julio de 2019, notificada el 23 de julio de 2019, el TPI emitió una *Sentencia* mediante la cual decretó roto y disuelto el vínculo matrimonial.

El 20 de noviembre de 2019, la señora González Cruz presentó *Demanda*[1] sobre liquidación de bienes contra el señor De Pedro Martínez. En esencia, reclamó liquidar la comunidad de bienes procedente de la extinta sociedad legal de gananciales compuesta por la apelante y el apelado y desglosó los bienes en común entre estos, incluyendo las acciones en las compañías Refrigerama y Empresas R&D.

El 4 de febrero de 2020, el señor De Pedro Martínez presentó *Contestación a Demanda y Reconvención*[2]. En su contestación a demanda, alegó afirmativamente que las acciones de Refrigerama y Empresas R&D son privativas, así como los dividendos que fueron declarados luego de la separación de las partes. En su reconvención, adujo que tiene créditos a su favor, los cuales estima en una suma no menos de $200,000.00.

El 23 de febrero de 2020, la señora González Cruz presentó su *Contestación a Reconvención*[3] en la que negó la mayoría de las alegaciones en su contra.

---

[1] Apéndice del recurso, págs. 6-9.
[2] Apéndice del recurso, págs. 14-24.
[3] Apéndice del recurso, págs. 28-37.

Eventualmente, el 1 de diciembre de 2022, el señor De Pedro Martínez presentó una *Solicitud de Sentencia Sumaria Parcial*[4], en la cual abordó la controversia sobre si las 30 acciones de Refrigerama y las 36 acciones de Empresas R&D eran de carácter privativo o ganancial. En síntesis, adujo que dichas acciones las adquirió mediante donación de su padre y, por ende, son privativas. El apelado acompañó su moción con varios documentos corporativos e incluyó una *Certificación de Cancelación de Gravamen* emitida por el Departamento de Hacienda de Puerto Rico el 31 de diciembre de 2003 con un anejo en el que se detalla la donación de treinta y seis (36) acciones de Empresas R&D y treinta (30) acciones de Refrigerama, ambas de parte del señor Raúl De Pedro Villamil a favor de su hijo, el señor De Pedro Martínez[5].

Por su parte, el 21 de diciembre de 2022, la señora González Cruz presentó una *Oposición a Moción Solicitando Sentencia Sumaria Parcial*[6]. Argumentó que el apelado no probó la inexistencia de controversias de hecho y de derecho que demuestren el carácter privativo de las acciones adquiridas durante el matrimonio.

El 24 de enero de 2023, el señor De Pedro Martínez presentó *Réplica a "Oposición A Moción Solicitando Sentencia Sumaria Parcial*[7]. Adujo que la apelante no cumplió con las exigencias y requisitos que establece la Regla 36.3 de Procedimiento Civil[8] y la jurisprudencia en cuanto a la oposición a una moción de sentencia sumaria. Además, el apelado reiteró su planteamiento respecto a que las acciones en controversia son privativas. El 13 de febrero de 2023, la señora González Cruz presentó una *Dúplica y Oposición a Réplica a Oposición a Moción Solicitando Sentencia Sumaria*[9]. En

---

[4] Apéndice del recurso, págs. 56-94.
[5] Apéndice del recurso, págs. 69-71.
[6] Apéndice del recurso, págs. 95-183.
[7] Apéndice del recurso, págs. 187-216.
[8] 32 LPRA Ap. V, R. 36.3.
[9] Apéndice del recurso, págs. 222-242.

síntesis, sostuvo que la prueba presentada por el apelado no derrota la presunción de gananciaiidad de las acciones, por lo que procede declarar no ha lugar la solicitud de sentencia sumaria parcial.

Evaluadas las mociones presentadas por las partes, el 25 de agosto de 2023, el foro primario emitió y notificó *Sentencia Parcial*[10], en la cual declaró **"Ha Lugar"** la sentencia sumaria parcial presentada por el señor De Pedro Martínez y estableció las siguientes determinaciones de hechos:

1. Refrigerama, Inc. es una corporación registrada bajo las leyes de Puerto Rico, el 25 de septiembre de 1959.
2. Empresas R & D de Puerto Rico, Inc., es una corporación registrada bajo las leyes de Puerto Rico, el 1 de noviembre de 1996.
3. Las partes de epígrafe contrajeron nupcias el 13 de noviembre de 1971, bajo el régimen de Sociedad Legal de Bienes Gananciales.
4. Durante el matrimonio, las partes adquirieron bienes y deudas con cargo a la Sociedad Legal de Bienes Gananciales.
5. El 30 de junio de 1999, el Sr. Pedro De Pedro Martínez, adquirió 30 acciones de Refrigerama por vía de donación.
6. Además, el 30 de junio de 1999, el Sr. Pedro De Pedro Martínez, adquirió 36 acciones de Empresas R & D de Puerto Rico, Inc., por vía de donación.
7. El 23 de julio de 2019, el tribunal notificó la Sentencia emitida el 15 de julio de 2019, mediante la cual declaró roto y disuelto el vínculo matrimonial habido entre el Sr. Pedro De Pedro Martínez y doña Awilda González.
8. En marzo del 2020, Refrigerama declaró dividendos a favor de varios accionistas, incluyendo al Sr. Pedro De Pedro Martínez, por 52 acciones, a razón de $2,252.25 por acción.
9. Conforme la certificación bajo juramento provista por Refrigerama, así como sus respectivos anejos, el Sr. Pedro De Pedro Martínez es titular de una cantidad mayor de 30 acciones de Refrigerama.
10. En marzo del 2020, Empresas R & D declaró dividendos por 63 acciones a favor del Sr. Pedro De Pedro Martínez, a razón de $1,111.11 por acción.
11. Conforme la certificación bajo juramento, provista por Empresas R & D, el Sr. Pedro De Pedro Martínez es titular de una cantidad mayor de 36 acciones de Empresas R & D.
12. Refrigerama y Empresas R & D han consignado en el Tribunal de Puerto Rico varias sumas de dinero, producto del pago de dividendos de cada una de dichas entidades.
13. Durante el presente pleito, la parte demandante-reconvenida se ha negado a reconocer que las acciones aquí identificadas son privativas del Sr. Pedro De Pedro Martínez.

En desacuerdo con la determinación, el 8 de septiembre de 2023, la señora González Cruz presentó una *Moción Solicitando*

---

[10] Apéndice del recurso, págs. 246-255.

*Reconsideración a Sentencia Sumaria Parcial*[11]. El 3 de noviembre de 2023, el señor De Pedro Martínez compareció mediante *Oposición a Moción de Reconsideración*[12]. En vista de lo anterior, el 7 de noviembre de 2023, el TPI emitió una *Resolución y Orden*[13] en la que declaró No Ha Lugar la solicitud de reconsideración.

Inconforme aún, el 6 de diciembre de 2023, la señora González Cruz presentó el recurso de *Apelación* que nos ocupa, en el cual imputó al TPI la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al dictar Sentencia Sumaria Parcial declarando que las acciones de las Empresas Refrigerama y Empresas R&D son de carácter privativo del demandado recurrido.

El 8 de enero de 2024, el señor De Pedro Martínez compareció mediante *Alegato en Oposición a Apelación Civil*. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional que sólo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar el derecho[14]. En términos generales, al dictar sentencia sumaria, el tribunal deberá hacer lo siguiente:

> (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal;
>
> (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[15].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando existan hechos materiales y esenciales

---

[11] Apéndice del recurso, págs. 256-268.
[12] Apéndice del recurso, págs. 269-285.
[13] Apéndice del recurso, págs. 1-2.
[14] *Maldonado v. Cruz*, 161 DPR 1, 39 (2004).
[15] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004).

controvertidos; cuando haya alegaciones afirmativas en la demanda que no han sido refutadas; cuando surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o cuando como cuestión de derecho, no procede[16]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[17].

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos[18]. Es importante mencionar que, este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una moción de sentencia sumaria[19].

Los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[20].

**-B-**

En nuestro ordenamiento jurídico, la donación es un acto de liberalidad por el cual una persona dispone gratuitamente de una

---

[16] *Íd.*, págs. 333-334.
[17] *Maldonado v. Cruz, supra,* pág. 39.
[18] *Íd.*
[19] *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018).
[20] *Íd.*

cosa a favor de otra que la acepta[21]. En general, se clasifican en donaciones entre vivos (*inter vivos*) o por causa de muerte (*mortis causa*), según el momento en que surten efectos jurídicos[22].

Las donaciones entre vivos pueden ser de tres clases, entre ellas, la donación puramente graciosa o la que se hace sin condición y por mera liberalidad; la onerosa, o aquella en que se impone al donatario un gravamen sobre el valor de lo donado y la remuneratoria o la que se hace a una persona por sus méritos o por los servicios prestados al donante, siempre que no constituyan deudas exigibles[23].

La donación de un bien mueble no requiere formalidades. Sin embargo, la donación de un bien inmueble tiene que hacerse en escritura pública para que sea válida[24]. La aceptación podrá hacerse en la misma escritura de donación o en otra separada, pero no surtirá efecto si no se hace en vida del donante[25].

**-C-**

Al contraer matrimonio, los esposos determinan el régimen económico que regirá su matrimonio[26]. De acuerdo con el Art. 1267 del Código Civil de Puerto Rico de 1930, a los matrimonios les aplica el régimen económico de sociedad legal de gananciales, salvo que existan capitulaciones matrimoniales[27]. Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer[28]. El carácter ganancial de los bienes obtenidos durante el matrimonio es

---

[21] Art. 558 del Código Civil de 1930, 31 LPRA ant. sec. 1981. El referido Código Civil de Puerto Rico de 1930, según enmendado, 31 LPRA ant. sec. 1 *et seq.,* fue derogado por el Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.*, aprobado mediante la Ley Núm. 55 de 1 de junio de 2020, según enmendada, con vigencia desde el 28 de noviembre de 2020. Sin embargo, para propósitos de la adjudicación de este recurso, citamos el Código Civil derogado debido a que los hechos en controversia surgieron durante su vigencia.
[22] Art. 559 del Código Civil de 1930, 31 LPRA ant. sec. 1982.
[23] Art. 560 del Código Civil de 1930, 31 LPRA ant. sec. 1983.
[24] Art. 575 del Código Civil de 1930, 31 LPRA ant. sec. 2010.
[25] *Íd.*
[26] *Roselló Puig v. Rodríguez Cruz*, 183 DPR 81, 92-93 (2011).
[27] 31 LPRA ant. sec. 3551.
[28] 31 LPRA ant. sec. 3647.

controvertible. La parte que alegue el carácter privativo de determinado bien tendrá el peso de la prueba para derrotar presunción *iuris tantum* de ganancialidad[29].

Durante la existencia de la sociedad legal de gananciales, ambos cónyuges son codueños y administradores de la totalidad del patrimonio matrimonial[30]. Se reconocen como bienes gananciales: (1) los adquiridos por título oneroso durante el matrimonio a costa del caudal común para la comunidad o para uno solo de los esposos, (2) los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos y (3) los frutos, rentas o interés percibidos o devengados durante la vigencia del matrimonio procedente de los bienes comunes o de los peculiares de cada uno de los cónyuges[31].

El Código Civil de Puerto Rico de 1930 establece que el régimen de bienes gananciales puede coexistir con el patrimonio individual de cada cónyuge. Así pues, el Art. 1299 del referido Código, dispone que son bienes propios de cada uno de los cónyuges: (1) los que aporte al matrimonio como de su pertenencia, (2) los que adquiere durante el matrimonio a título lucrativo, bien sea por donación, legado o herencia, (3) los adquiridos por derecho de retracto o por permuta con otros bienes pertenecientes a uno solo de los cónyuges, y (4) aquellos bienes comprados con dinero exclusivo de un cónyuge particular[32].

La disolución del matrimonio trae consigo el nacimiento de una comunidad ordinaria de bienes entre los excónyuges, compuesta por todos los bienes del haber antes ganancial. Ambos participarán en la comunidad en partes iguales, mediante cuotas independientes, alienables y homogéneas. Los excónyuges poseen una cuota abstracta, independiente y alienable y tendrán el derecho

---

[29] *Muñiz Noriega v. Muñoz Bonet,* 177 DPR 967, 980 (2010).
[30] *SLG Báez-Casanova v. Fernández,* 193 DPR 192, 197 (2015); *Montalván v. Rodríguez,* 161 DPR 411, 420 (2004).
[31] Art. 1301 del Código Civil de 1930, 31 LPRA ant. sec. 3641.
[32] 31 LPRA ant. sec. 3631.

a intervenir en la administración de la comunidad y a pedir su división. A esta comunidad también se le conoce como comunidad postganancial[33].

**-D-**

Conforme al Artículo 6.01 de la Ley Núm. 144 de 9 de agosto de 1995, conocida como la Ley General de Corporaciones de 1995 (Ley Núm. 144-1995)[34], el título de propiedad de las acciones podrá ser traspasado únicamente:

> **a) mediante la entrega del certificado endosado en blanco o a favor de persona determinada, por el dueño de las acciones según conste en el certificado que las representa.**
>
> b) mediante la entrega del certificado y de documento aparte en el cual conste la cesión del certificado o un poder para vender, ceder o traspasar el certificado o las acciones que representa, documento que será firmado por el dueño de las acciones según conste en el certificado que las representa. La cesión o el poder podrá ser en blanco o a favor de persona determinada.
>
> c) en caso de acciones sin certificado, por inscripción del traspaso en los libros de la corporación realizada por un oficial registrador o agente de traspaso designado por la corporación para dicho propósito.[35] (Énfasis nuestro).

La condición de accionista de una corporación es de carácter fungible. Un accionista puede sustituirse por otro con la simple transmisión de las acciones, pues éstas son una expresión de la condición jurídica del accionista y de los derechos que la misma confiere sobre la corporación[36].

**-E-**

La Regla 804 de las Reglas de Evidencia, establece que "[s]alvo que de otra manera se disponga por ley, no será admisible prueba de referencia, sino de conformidad con lo dispuesto en este capítulo.

---

[33] *Pagán Rodríguez v. Registradora,* 177 DPR 522, 532-533 (2009); *Montalván v. Rodríguez,* 161 DPR 411, 421 (2004); *Residentes Sagrado Corazón v. Arsuaga,* 160 DPR 289, 305-306 (2003).

[34] La Ley Núm. 144-1995 fue derogada por la Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, 14 LPRA sec. 3501 *et seq.* Sin embargo, para propósitos de la adjudicación de este recurso, citamos dicha norma debido a que los hechos en controversia surgieron durante su vigencia.

[35] 14 LPRA ant. sec. 2851.

[36] C. Díaz Olivo, *Corporaciones*, Publicaciones Puertorriqueñas, Inc., Mayagüez, Puerto Rico, 1999, pág. 151.

Esta regla se denominará *Regla de prueba de referencia.*"[37]. Como norma general, este tipo de prueba es inadmisible[38]. No obstante, las Reglas de Evidencia reconocen una serie de excepciones a esta regla con el fin de permitir su admisibilidad durante un juicio. Ese es el caso de los récords de actividades de negocio que se realizan con regularidad. Al respecto, la Regla 805 de las Reglas de Evidencia, *supra*, dispone lo siguiente:

> Aun cuando la persona declarante esté disponible como testigo, una declaración no estará sujeta a la regla general de exclusión de prueba de referencia en las siguientes circunstancias:
>
> [...]
>
> (F) *Récords de actividades que se realizan con regularidad*: Un escrito, informe, récord, memorando o compilación de datos -en cualquier forma- relativo a actos, sucesos, condiciones, opiniones o diagnósticos que se hayan preparado en o cerca del momento en que éstos surgieron, por una persona que tiene conocimiento de dichos asuntos, o mediante información transmitida por ésta, si dichos récords se efectuaron en el curso de una actividad de negocios realizada con regularidad, y si la preparación de dicho escrito, informe, récord, memorando o compilación de datos se hizo en el curso regular de dicha actividad de negocio, según lo demuestre el testimonio de su custodio o de alguna otra persona testigo cualificada, o según se demuestre mediante una certificación que cumpla con las disposiciones de la Regla 902(K) o con algún estatuto que permita dicha certificación, a menos que la fuente de información, el método o las circunstancias de su preparación inspiren falta de confiabilidad. El término *negocio*, según se utiliza en este inciso, incluye, además de negocio propiamente, una actividad gubernamental y todo tipo de institución, asociación, profesión, ocupación y vocación, con o sin fines de lucro.[39]

---

[37] 32 LPRA Ap. VI, R. 804.

[38] *Pueblo v. Zeno Torres*, 211 DPR 1, (2022).

[39] 32 LPRA Ap. VI, R. 805. La Regla 902(k) de las Reglas de Evidencia, *supra*, dispone lo siguiente:

> No se requerirá evidencia extrínseca de autenticación como condición previa a la admisibilidad de:
> (A) *Documentos reconocidos*
> Documentos acompañados de un certificado de reconocimiento o de prueba, si el certificado cumple con los requisitos pertinentes en ley relativos a certificaciones, particularmente con las disposiciones sobre derecho notarial.
> (B) *Documentos públicos bajo sello oficial.*
> Documentos bajo sello si éste aparenta ser el sello oficial de:
> (1) El Estado Libre Asociado de Puerto Rico;
> (2) los Estados Unidos de América;
> (3) un estado, territorio o posesión de los Estados Unidos de América, o
> (4) un departamento, agencia pública, corporación pública o funcionario de cualquiera de las entidades enumeradas en las cláusulas (1), (2) y (3) de este inciso. Dichos documentos deben estar firmados por la persona que aparenta ser la que los otorga.
> (C) *Documentos públicos firmados por funcionarios*
> Documentos -aunque no estén bajo sello- presuntamente firmados en su capacidad oficial por una persona que es funcionaria de cualquiera de

Al comparar la Regla 805 (f) de Evidencia, *supra* con su predecesora, Regla 65 (F)[40], comenta el profesor E.L. Chiesa Aponte que "[u]n cambio importante ... es que ya no es absolutamente necesario el testimonio del custodio de los récords u otro testigo que declare para autenticarlos y explicar el momento y método de su preparación. Ahora, tal testimonio puede ser sustituido con *'una certificación que cumpla con las disposiciones de la Regla 902(K) o con algún estatuto que permita dicha certificación'*[41].

### III.

Tras una revisión cuidadosa del expediente ante nuestra consideración, colegimos que la *Oposición a Moción Solicitando Sentencia Sumaria Parcial*[42], presentada por la señora González Cruz, no cumple con los requisitos de la Regla 36.3 de Procedimiento Civil[43]. La señora González Cruz no realizó una relación concisa y detallada de los hechos esenciales y pertinentes que están controvertidos, ni acompañó prueba admisible que sostuviera los mismos. La apelante se limitó a indicar los hechos que entendía que estaban en controversia o necesitaban aclaración sin señalar ni identificar la evidencia que sustenta sus argumentos.

Como bien indicó el foro primario, la apelante se limitó a "*incluir en su moción de oposición una lista alternativa de trece (13) hechos que, según su criterio, no estaban en controversia...*"[44].

Ahora bien, según mencionamos anteriormente, si la parte opositora no cumple con los requisitos de la Regla 36.3(b) de Procedimiento Civil, *supra*, no procede conceder el remedio

---

las entidades enumeradas en los subincisos (1), (2) y (3) del apartado (B) de esta Regla, siempre que tales documentos sean acompañados por una certificación bajo sello expedida por la persona que en calidad de funcionaria competente da fe de que la firma es genuina y de que es la funcionaria con capacidad oficial para firmar los documentos.
[...].

[40] *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 985 (2010).

[41] E.L. Chiesa Aponte, *Reglas de Evidencia de Puerto Rico 2009*, San Juan, Pubs. JTS, 2009, pág. 261.

[42] Apéndice del recurso, págs. 95-183.

[43] 32 LPRA Ap. V, R 36.3.

[44] Apéndice del recurso, págs. 96-98.

solicitado de forma automática, pues es necesario evaluar si existe una controversia sobre algún hecho material[45]. Veamos.

En lo referente a la presente controversia, la señora González Cruz señala en su recurso un solo error cometido por el TPI. En esencia, arguye que incidió el foro primario al determinar que las acciones de Refrigerama y Empresas R&D son de carácter privativo. Alega que, conforme al Art. 1307 del Código Civil de 1930, "se *reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer"*[46]. Además, señala que el documento de la cancelación de gravamen contributivo es meramente un requisito del Departamento de Hacienda para cobrar aquellos gravámenes a favor del Gobierno de Puerto Rico y no para establecer la naturaleza con la que se llevó a cabo dicha donación o transferencia.

No cabe duda de que bajo nuestro ordenamiento jurídico existe una presunción *iuris tantum* de ganancialidad[47]. No obstante, la naturaleza ganancial de los bienes adquiridos durante la vigencia del matrimonio es controvertible[48]. Esta presunción puede ser rebatida por la parte que alega que esos bienes son privativos[49]. La parte que alegue el carácter privativo de determinado bien tendrá el peso de la prueba para derrotar esta presunción de ganancialidad[50].

La Regla 302 de las Reglas de Evidencia[51] dispone lo siguiente sobre el efecto de las presunciones en casos civiles:

> En una acción civil, una presunción impone a la parte contra la cual se establece la presunción el peso de la prueba para demostrar la inexistencia del hecho presumido. Si la parte contra la cual se establece la presunción no ofrece evidencia para demostrar la inexistencia del hecho presumido, la juzgadora o el juzgador debe aceptar la existencia de tal hecho. Si se presenta evidencia en apoyo de la determinación de la inexistencia de tal hecho, la parte que interesa rebatir la presunción debe persuadir a quien juzga

---

[45] *Meléndez González et al. v. M. Cuebas, Inc.,* 193 DPR 100, 137 (2015).
[46] 31 LPRA ant. sec. 3647.
[47] *Muñiz Noriega v. Muñoz Bonet, supra*, 980.
[48] *Íd.* 982.
[49] *Íd.*
[50] *Íd.*
[51] 32 LPRA Ap. VI, R. 302.

de que es más probable la inexistencia que la existencia del hecho presumido.

Así pues, nos corresponde evaluar la prueba presentada por el señor De Pedro Martínez, quien intenta impugnar la presunción de gananciabilidad de las acciones en controversia. Surge del expediente que la *Solicitud de Sentencia Sumaria Parcial*[52] estuvo acompañada de once (11) anejos. Los documentos pertinentes a la controversia ante nuestra consideración son:

1. Certificación emitida por el Departamento de Hacienda con fecha del 1 de diciembre de 2021 en el cual se certifica que el documento que se acompaña es una copia fiel y exacta del Certificado de Cancelación de Gravamen expedido en el caso número 0364436300008 del causante o donante De Pedro Villamil Raúl. Copia adjunta de Certificación de Cancelación de Gravamen con fecha del 31 de diciembre de 2003, el cual incluye Anejo A sobre el detalle de las donaciones del 30 de junio de 1999, en la cual se describe que al señor De Pedro Martínez le fueron donadas treinta y seis (36) acciones de Empresas R&D y treinta (30) acciones de Refrigerama[53].

2. Declaración Jurada del señor De Pedro Martínez con fecha de 1 de diciembre de 2022[54].

3. Certificado Núm. 42 emitido el 30 de junio de 1999 por Refrigerama, en el cual se certifica que el señor De Pedro Martínez es titular registrado de treinta (30) acciones[55].

4. Certificado Núm. 12 emitido el 30 de junio de 1999 por Empresas R&D, en el cual se certifica que el señor De Pedro Martínez es titular registrado de treinta y seis (36) acciones[56].

Apuntalamos que la prueba presentada por el apelado es suficiente para determinar la inexistencia de la presunción de gananciabilidad[57]. Concluimos que los hechos incontrovertidos del presente caso demuestran que las treinta (30) acciones de Refrigerama y las treinta y seis (36) acciones de Empresas R&D fueron adquiridas por el señor De Pedro Martínez mediante

---

[52] Apéndice del recurso, págs. 56-94.
[53] Apéndice del recurso, págs. 69-71.
[54] Apéndice del recurso, págs. 72-73.
[55] Apéndice del recurso, pág. 75.
[56] Apéndice del recurso, págs. 76-77.
[57] Véase, Regla 110(F) de las Reglas de Evidencia, la cual dispone como sigue:
(F) En los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición al contrario. En los casos criminales, la culpabilidad de la persona acusada debe ser establecida más allá de duda razonable." 32 LPRA, Ap. VI, R. 110(F).

donación de su padre, por tanto, las mismas se reputan privativas. Como bien resolvió el foro primario, la señora González Cruz "*no tiene derecho a reclamar sobre los dividendos que se hayan declarado y/o pagados en base a estas acciones con posterioridad al divorcio, entre las partes*"[58]. Por tanto, resolvemos que el TPI no cometió el error imputado por la apelante.

## IV.

Por los fundamentos antes expuestos, **confirmamos** la sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[58] Apéndice del recurso, págs. 254-255.